UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND GABRIEL and DEBRA L. GABRIEL,<br><br>Defendants. | Case No. 2:11-CV-02069 JAM-KJN<br><br>ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO |

This matter came before the Court when pro per Defendants Raymond and Debra Gabriel ("Defendants") filed an application to proceed in forma pauperis in the District Court (Doc. #2). However, upon review of the matter, the Court has determined that it lacks jurisdiction over this matter, and REMANDS the case to the Superior Court of California, County of Solano.[1]

[1] The Court notes that the Notice of Removal is captioned as removal from the Superior Court of California, County of Solano, but the body of the Notice requests removal from the Superior Court of California, County of Tehama. Because the Unlawful Detainer Complaint itself is captioned as a Complaint filed in the County of Solano, this Court orders remand to the Superior Court in the County of Solano.

The Court has reviewed Defendants' Notice of Removal (Doc. #1), and finds that removal is improper. Jurisdiction is a threshold inquiry before the adjudication of any case before a court, see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), and a court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir.1999). "Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243 (9th Cir. 2009). "A defendant cannot remove solely on the basis of a federal defense . . . the federal question must appear on the face of the complaint." Chesler/Perlmutter Prods., Inc. v. Fireworks Entertainment, Inc., 177 F.Supp.2d 1050, 1058 (C.D. Cal. Dec. 3, 2001).

Here, Defendants ask the Court to remove the unlawful detainer action filed against them in the Superior Court, on the basis of original jurisdiction, stating that the case arises under the Fourteenth Amendment. However, the unlawful detainer action against Defendants does not "arise under" the Fourteenth Amendment. The unlawful detainer action contains no federal claims and is based purely on state law. The Fourteenth Amendment argument raised in Defendants' Notice of Removal would, at best, provide only a federal defense.

Accordingly, this Court does not have jurisdiction over the unlawful detainer action, and orders the action entitled Federal National Mortgage Association v. Raymond Gabriel, Debra L. Gabriel,

remanded to the Superior Court of California, County of Solano. Because it does not have jurisdiction over this matter, the Court will not rule on the application to proceed in forma pauperis.

IT IS SO ORDERED.

Dated: August 8, 2011

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE